KENNAT MOSES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Moses v. Commissioner
Docket No. 1786-71
United States Tax Court
T.C. Memo 1973-72; 1973 Tax Ct. Memo LEXIS 217; 32 T.C.M. (CCH) 306; T.C.M. (RIA) 73072; March 27, 1973, Filed Kennat Moses, pro se. Kimball K. Ross, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1968 in the amount of $631.56. At the trial respondent conceded that during the year 1968 petitioner contributed over one-half of the support for his mother, Agatha Moses, and was entitled to a $600 dependency *218 exemption for her. This leaves as the only issue for decision whether petitioner is entitled to a deducation for all or any part of the $1,750 he claimed as a charitable contribution. 2 FINDINGS OF FACT Petitioner resided in New York City at the time his petition in this case was filed. He filed a joint Federal income tax return with his wife, Ethel Bone Moses, for the calendar year 1968 with the district director of internal revenue, New York, New York. Petitioner's mother, Agatha Moses who had come to this country from the West Indies, lived with petitioner and his wife during the entire calendar year 1968. At that time she was approximately 80 years old. In 1968 petitioner lived near to a 3-story building located at 872 - 165th Street in New York City. The main portion of the building was used by a congregation of the Abyssinian Baptist Church. Petitioner's mother attended on Sunday and every evening of the week, when she was able to go, religious services which were held in the building which was primarily used by the Abyssinian Baptist Church. Sometimes on Saturdays and Sundays petitioner's mother would take food with her and spend the entire day at these religious *219 services. Once when petitioner's mother was ill, some persons came to petitioner's home and held a religious service for her. Petitioner saw his mother give these persons $5.00. Although petitioner's mother had told petitioner that her religious group was primarily engaged in sending individual members on trips as missionaries to the West Indies, petitioner had thought that his mother was attending the Baptist Church until shortly before 3 the time of the trial of this case. Shortly before the time of the trial in this case petitioner was told by his mother that in 1968 she had attended the Zion Pentecostal Temple and that she thought it was a part of the Pentecostal Assembly of the World. When petitioner took his mother to services on Sunday he would give her money which he believed she gave to her church. Petitioner also at other times gave his mother money which he thought she was contributing to her church. Petitioner on his income tax return for the year 1968 listed an amount of $1,750 as contributions to "Baptist Church, Epworth Abyssinian Tithe." Respondent disallowed this claimed deduction. OPINION Respondent contends that petitioner has failed to substantiate *220 that his mother contributed any amount to the Zion Pentecostal Temple and has further failed to show that the Zion Pentecostal Temple was an organization which met the requirements of section 170(c) (2), I.R.C. 1954. [1]
Section 170(a) allows an individual to deduct any charitable contribution as defined in section 170(c), payment of which is made within the taxable year. Section 170(c), insofar as here pertinent, requires that to be deductible, a contribution or gift be for the use of a religious organization created or organized in the *221 United States, a State, the District of Columbia, or any possession of the United States, no part of the net earnings of which inures to the benefit of any private individual. Except on the one occasion when religious services were held in his home, petitioner did not see his mother make any contributions. Whether the evidence here would be sufficient to infer that some amount was given by petitioner through his mother to the Zion Pentecostal Temple, we need not decide since petitioner has failed to show that this organization was one included within the provisions of section 170(c). At the conclusion of the trial the Court requested counsel for respondent to attempt to determine whether in fact the Zion Pentecostal Temple located at the address given by petitioner as the address of the religious group attended by his mother was in fact a part or branch of an organization which came within the provisions of section 170(c), I.R.C. 1954. In his memorandum brief, filed on 5 March 15, 1973, respondent recited the efforts which had been made by his representatives to ascertain this fact and the reasons why their efforts had been unsuccessful. Petitioner at the trial stated *222 that he "was asked whether this church was affiliated with a major church institution that is listed in some directory you have" and that he understands "that it isn't." On the basis of the record here, we conclude that petitioner has failed to show that he is entitled to deduct any amount of the $1,750 which he claimed as a charitable contribution. Decision will be entered under Rule 50. Footnotes
1. Sec. 170(c), I.R.C. 1954, Charitable Contribution Defined. - For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of - * * * (2) A corporation, trust, or community chest, fund, or foundation - (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State or Territory, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; * * * ↩